THE STATE *ex rel*. TILLEY v. SLOVER, Judge.

Division One, December 22, 1892.

Official Stenographer, Removal of: COMPENSATION. Where an official stenographer is removed by the judge of the court for failure to attend personally to the duties of his office, he is not entitled to compensation for the time between the preferring of charges against him and the making of the order of removal founded on such charges, where during such time he did not attend court or offer to do so except by deputy.

*Mandamus*.

PEREMPTORY WRIT DENIED.

*Huston & Parrish, Pratt, Ferry & Hagerman*, and *Edwards & Davison* for relator.

*Karnes, Holmes & Krauthoff* for respondent.

BRACE, J.—This is an original proceding in *mandamus* to compel the respondent judge of the second division of the circuit court of Jackson county to certify relator's account for services rendered as official stenographer of said court from May 4 to 16, 1891, inclusive of both these dates.

In *State ex rel. Tilley v. Slover, ante* p 202, we held that the relator was properly removed by the respondent from his said office on the eleventh of May, on charges against relator entered upon the records of said court on the fourth day of May, 1891, and, the petition and alternative writ having been amended by striking therefrom relator's claim for services from the eleventh to sixteenth of May inclusive, the only question remaining to determine in this case is whether the relator is entitled to pay as official stenographer of said court from May 4 to May 10 inclusive, *i. e.*, for the time between the preferring of the charges and the removal.

The law provides that the official stenographer "shall receive as *per diem* compensation the sum of $10 for each and every day in attendance upon the court for which he is appointed, and the amount so allowed shall be certified to by the judge thereof." Acts 1883, p. 59; Revised Statutes, 1889, sec. 8235.

The respondent in his return states the reason for his refusal to certify the relator's account for these services was because the relator was not in attendance upon said division of the circuit court and did not perform the services of official stenographer of said court on the days claimed for, but on the contrary refused to attend upon the said division of said court, or to render such services, although required to do so, in consequence of which the said court was left without the services of an official stenographer, and respondent was compelled to, and did, designate another person to perform such services, who thereafter presented his account therefor, which account respondent approved and certified.

As we held in the preceding opinion that it was the duty of the relator to personally devote his time to the performance of his official duties, and, as it is not pretended that he did so or that he offered to do so in any other manner except by deputy, or that he was

personally in attendance upon said court on the days claimed for, it follows that he was not entitled to the compensation provided for in the statute, and it was the duty of the judge of said court to refuse to certify his account therefor. The peremptory writ will therefore be refused and the proceeding dismissed at the cost of the relator. All concur.